IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN CAROL HILL, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-0409-G |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. BACKGROUND

**A.  Nature of the Case**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.  Parties**

Petitioner John Carol Hill, TDCJ-CID #330076, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Procedural History

Hill is serving a 99-year sentence on his 1982 state conviction for rape of a child in the Criminal District Court Number 2 of Dallas County, Texas, cause number F81-11424-I. (Petition at 2) On January 16, 1990, Hill was released on parole, but his parole was revoked by the Texas Board of Pardons and Paroles (the Board) on September 24, 2002, and he was returned to TDCJ custody on November 14, 2002. (Resp't Answer, Exhibit A; Parole Revocation Hrg. R. at 1-2) Upon revocation, TDCJ forfeited Hill's previously accrued good time and denied Hill credit for the time he spent on release, "street time," due to the nature of his offense. (*Id.*) *See* Tex. Gov't Code Ann. § 508.149(a) (Vernon Supp. 2007). On November 13, 2002, Hill filed a motion to reopen the hearing, but the Board voted to deny the motion on February 10, 2002. (Parole Revocation Hrg. R. at 8) Hill remains incarcerated with a projected mandatory release date of April 22, 2035, and a maximum expiration date of May 25, 2092; he is parole eligible. (*Id.*)

Hill sought administrative review of the forfeiture of good time and denial of street time credits to no avail. *See* Tex. Gov't Code Ann. § 501.0081 (Vernon 2004). He filed time credit dispute resolution forms with TDCJ on March 8, 2004, and March 15, 2004. (*Id.*) TDCJ responded on October 26, 2004, that there was no error in its time calculations. (*Id.*) Apparently, he did not administratively appeal the decision or pursue further administrative review through completion of the dispute resolution process.

Hill also sought state habeas relief to no avail. He filed or attempted to file at least three relevant state habeas applications raising his time credit claims. The first was dismissed and returned to him for noncompliance with the form requirements of rule 73.1 of the Texas Rules of Appellate Procedure. *Ex parte Hill*, Application No. WR-17,026-08 at cover; Tex. R. App. P. 73.1

& 73.2. *See also* state court case information, *available at* http://www.cca.courts.state.tx.us. Thereafter, Hill successfully filed two state applications for writ of habeas corpus on February 17, 2004, and October 15, 2004, challenging the forfeiture and denial of time credits, which were both dismissed based on his failure to fully exhaust the prison's time credit dispute resolution process. *Ex parte Hill*, Application Nos. WR-17,026-09 & WR-17,026-10, at cover. Hill filed this petition on March 2, 2006.[1]

**D.    Issues**

In two grounds, Hill claims he is entitled to restoration of his accrued good conduct time and to credit for his street time. (Petition at 7)

**E.    Rule 5 Statement**

Quarterman contends that Hill's claims are unexhausted or, in the alternative, that his petition is time-barred. (Resp't Answer at 4-10)

## II.  STATUTE OF LIMITATIONS

Section 2244(d) of Title 28 imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of parole-revocation proceedings and the resultant loss or denial of various time credits, subsection (D) governs when the limitations period begins to run. *See Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008) (not designated for publication in the Federal Reporter). Hill could have discovered the factual basis of his claims with due diligence on September 24, 2002, the date his parole was revoked, or shortly thereafter when he was returned to TDCJ custody. *See Moore v. Dretke*, No. 3:03-CV-2121-R, 2003 WL 22964139 (N.D. Tex. Dec. 2, 2003) (not designated for publication). Thus, the federal statute of limitations began on Hill's time-credit claims on September 24, 2002, and closed one year later on September 24, 2003, subject to any applicable tolling.

Hill is not entitled to statutory tolling because his state habeas applications were filed after the federal limitations period had already expired and did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Similarly, the fact that Hill pursued time credit dispute resolution, at least in part, as mandated by

§ 501.0081 of the Texas Government Code, does not entitle him to statutory tolling because he did not pursue his administrative remedy until after limitations had already expired. *See Rider v. Quarterman*, No. 3:07-CV-789-N, 2007 WL 4226378, at \*2 (N.D. Tex. Nov. 30, 2007); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (providing that "the timely pendency of prison grievance procedures would have tolled the one-year period" had Kimbrell timely pursued such administrative relief); *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828-29 (N.D. Tex. 2002) (allowing for equitable tolling during pendency of appeal process for challenges to disciplinary actions). Moreover, even if the Court granted Hill statutory tolling based upon his state-court filings, such tolling would be insufficient to make the instant petition timely.

Nor has Hill alleged and demonstrated exceptional circumstances to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when the petitioner is actively misled about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Larry v. Dretke*, 361 f.3d 890, 896-97 (5th Cir. 2004). Hill has not shown that he was actively misled by the state of Texas or that he was prevented in some extraordinary way from asserting his rights in a timely manner. Mere ignorance of the law or lack of knowledge of filing rules or deadlines does not justify equitable tolling. *See Felder*, 204 F.3d at 171-72; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Hill's federal petition, filed on March 2, 2006, is untimely.

## III. RECOMMENDATION

It is therefore recommended that Hill's petition for writ of habeas corpus be DISMISSED with prejudice as time-barred.

SIGNED on this 7th day of April, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE